**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2082**

NATHANIEL HAMPTON,

              Plaintiff – Appellant,

       v.

PAULA EDGERTON; ROBINA SCHENCK; CYNTHIA WILLIAMS; WILLIE COLEMAN, Housing Authority of Florence,

              Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Florence.   J. Michelle Childs, District Judge.  (4:14-cv-04697-JMC)

Submitted:  January 28, 2016          Decided:  April 22, 2016

Before GREGORY and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nathaniel Hampton, Appellant Pro Se.  Michael Kirk Battle, BATTLE LAW FIRM, LLC, Conway, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Hampton appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment in favor of the Defendants. Hampton v. Edgerton, No. 4:14-cv-04697-JMC (D.S.C. Sept. 9, 2015). On appeal, Hampton argues that the district court erred in its conclusion regarding his claims for: (1) interference with his freedom of association; (2) retaliation; (3) civil conspiracy; (4) a due process violation, and; (5) intentional infliction of emotional distress.

Regarding Hampton's First Amendment claim, assuming, without deciding, that Hampton had a fundamental right to associate with his girlfriend, his right was not infringed upon in this instance. Where government action implicates a fundamental right, it will be subject to strict scrutiny only where the action "interferes directly and substantially with the fundamental right." Waters v. Gaston Cty., 57 F.3d 422, 426 (4th Cir. 1995). Where government action has only an incidental effect on a fundamental right, rational basis review applies. Id.

The governmental policy at issue here did not prohibit cohabitation with a nonmarital partner or forbid it altogether without permission of the government. The governmental action constituted "[a]t most, an unwelcome hurdle" to Hampton's

association with his girlfriend and is therefore subject to rational basis review. Id. Under that standard, the policy need only be rationally related to a legitimate governmental interest. Wilkins v. Gaddy, 734 F.3d 344, 348-49 (4th Cir. 2013). We conclude that the government policy is permissible under this standard of review.

We have reviewed the record and find no merit to Hampton's remaining contentions. Accordingly, although we grant leave to proceed in forma pauperis, we affirm for the reasons stated by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED